IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KIM ELLIS,

      Petitioner,                      No. 2:11-cv-00207-DAD P

    vs.

UNITED STATES OF AMERICA,

      Respondent.               ORDER

_____/

       Petitioner, a federal prisoner proceeding pro se, has filed a document with the court styled, "Ellis Seeks a Writ of Error Audita Querela and or Coram Nobis Under 28 U.S.C. § 1651." (Doc. No. 1.) Pursuant to the court's November 3, 2011 order, petitioner has also filed an application requesting leave to proceed in forma pauperis. Petitioner has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). See Doc. No. 3.

I. **Application to Proceed In Forma Pauperis**

       Petitioner's application shows that he has $1,375.72 in his inmate trust account and that he has an average monthly balance of $1,343.96 and average monthly deposits of $2,100.89. The court will therefore deny petitioner's application. However, in light of the court's review of the petitioner's application, no order will issue requiring petitioner to pay the filing fee. 28 U.S.C. § 1914(a).

1

II. **Petitioner's Petition and Supplemental Information**

On November 3, 2011, the court ordered petitioner to submit the following information to clarify the relief he seeks through his pending application:

> (1) the date of petitioner's judgment of conviction for possession of cocaine and cocaine base in violation of 21 U.S.C. § 841; (2) the date(s) of petitioner's prior state convictions for felony drug offense(s); and (3) the type of action or actions (habeas, § 2255 motion, etc.) that petitioner previously filed challenging the federal judgment of conviction challenged here, including the court in which any such action was filed, the date of judgment, and disposition of the action.

(Doc. No. 4 at 1-2.)

According to petitioner's responses, on February 18, 2003, petitioner was indicted for violating firearm and drug statutes. (Doc. No. 6 at 1.) On December 13, 2005, petitioner entered a plea of guilty, pursuant to a plea agreement, to possession of five kilograms of cocaine and fifty-grams of cocaine base in the U.S. District Court for the Northern District of California. (Doc. No. 1 at 4; Doc. No. 6 at 2.) In the indictment brought against petitioner, the government sought to increase the mandatory minimum sentence he faced from ten-years to twenty-years pursuant to 21 U.S.C. § 851.[1] Petitioner objected to the use of his 1995 state drug conviction to increase the minimum mandatory term of imprisonment in his case but the assigned District Judge ruled against petitioner and, on March 27, 2006, imposed a twenty-years mandatory minimum sentence. (Doc. No. 1 at 4; Doc. No. 6 at 2.)

By this action, petitioner seeks to set aside his enhanced sentence of twenty-years imprisonment and reduce his sentence to ten-years. (Doc. No. 1 at 5.) Petitioner argues that he received ineffective assistance of counsel when his attorney failed "to properly investigate the prior conviction and commence vacatur [sic] proceedings[.]" (Id. at 18.) Petitioner contends that investigation would have shown that in 1995, petitioner was not informed that by pleading guilty

---

[1] 21 U.S.C. § 851 provides the procedures to subject a person to increased punishment by reason of prior convictions. Pursuant to § 851(e), a prior conviction cannot be challenged if it "occurred more than five years before the date of the information alleging such prior conviction."

to the felony drug offense in state court that the conviction could be used in a future prosecution to enhance a federal sentence. (Id.; Doc. No. 6 at 2.) Petitioner asserts that he is not attacking his state court conviction, but instead, is challenging his the sentence imposed in his subsequent federal case because he received ineffective assistance of counsel. (Doc. No. 1 at 18.)

Following his federal conviction, petitioner filed a § 2255 motion with the U.S. District Court for the Northern District of California. (Doc. No. 6 at 2.) The motion was denied on May 7, 2008. (Id.) Petitioner subsequently filed a motion to reopen his § 2255 motion in that court. (Id.) That motion is still pending.

III. **Analysis**

Here, petitioner may not proceed by way of application for a writ of error audita querela before this court.

> Audita querela, literally "the complaint having been heard," is a common law writ used to attack a judgment that was correct when rendered, but that later became incorrect because of the circumstances that arose after the judgment was issued.

Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007). In this case, petitioner argues that his enhanced minimum mandatory sentence was incorrect when it was rendered and that it continues to be incorrect. There is no intervening event that has caused petitioner's sentence to become somehow invalid. Thus, the writ of audita querela is not an appropriate remedy with respect to petitioner's challenge to his sentence. In addition, the court finds that petitioner may not proceed with a writ of audita querela when he may proceed with a § 2255 action. United States v. Gamboa, 608 F.3d 492, 495 (9th Cir. 2010) ("We have previously held, however, that the statutory limits on second or successive habeas petitions do not create a "'gap'" in the post-conviction landscape that can be filled with the common law writs.").

As petitioner has indicated, he is seeking to reopen his § 2255 action which he previously filed with the U.S. District Court for the Northern District of California. Moreover, petitioner may seek permission from the U.S. Court of Appeals for the Ninth Circuit to file a

second or successive § 2255 motion.[2]

Likewise, petitioner's attempt to proceed by way of application for a writ of coram nobis before this court cannot be allowed. The writ of coram nobis is an extraordinary remedy that allows a movant to attack an unconstitutional or unlawful conviction after the movant has served his sentence and is no longer in custody. United States v. Morgan, 346 U.S. 502, 511 (1954); Estate of McKinney v. United States, 71 F.3d 779, 781 (9th Cir. 1995). "The writ provides a remedy for those suffering from the 'lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact' and 'egregious legal errors.'" United States v. Walgren, 885 F.2d 1417, 1420 (9th Cir. 1989) (quoting Yasui v. United States, 772 F.2d 1496, 1498-99 & n.2 (9th Cir. 1985)). The writ of error coram nobis permits a court to vacate its judgment when an error has occurred that is of the most fundamental character such that the proceeding itself is rendered invalid. McKinney, 71 F.3d at 781. The writ should be granted "only under circumstances compelling such action to achieve justice." Morgan, 346 U.S. at 511. Here, the writ of error coram nobis is not an appropriate proceeding since petitioner is in custody. See Matus-Leva v. United States, 287 F3d. 758, 761 (9th Cir. 2002) ("A person in custody may seek relief pursuant to 28 U.S.C. § 2255. Because the more usual remedy of a habeas petition is available, the writ of error coram nobis is not."). Thus, petitioner must proceed with his § 2255 action before the U.S. District Court for the Norther District of California or seek permission from the Ninth Circuit to file a second or successive § 2255 motion if he wishes to pursue an attack on the sentence imposed following his plea of guilty in the U.S. District Court for the Northern District of California to possession of five kilograms of cocaine and fifty-grams of cocaine base.

IV. **Conclusion**

---

[2] Should petitioner obtain permission from the Ninth Circuit Court of Appeals, he should file his successive § 2255 motion with the U.S. District Court for the Northern District of California.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's petition for a writ of audita querela and petition for a writ of error coram nobis (Doc. No. 1) is dismissed;

2. Petitioner's application to proceed in forma pauperis (Doc. No. 5) is denied; and

3. This action is dismissed.

DATED: October 26, 2012.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
ell0207.dism